

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
September 28, 1967

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol Building
Austin, Texas

Opinion No. M-138

Re: Whether a policy for group
life insurance covering employees
of the Comptroller's Department,
executed prior to the effective
date of Senate Bill 294, Acts
of the 60th Legislature, Regular
Session, Chapter 437, authorizes
the Comptroller to make premium
payments therefor from State funds,
and certain related questions.

Dear Mr. Calvert:

Reference is made to your letter in which you request
an opinion from this office as to the captioned matter. We quote
from your letter, in part, as follows:

"I am the policyholder of a group policy
covering employees of my department, such con-
tract being made prior to the effective date of
Senate Bill 294, Acts of the 60th Legislature.

"(1) Does this contract permit me to make
premium payments from State funds, or
must a new contract be obtained before
payments can be made?

"(2) Is group life insurance eligible for
premium payments by the state?

"(3) Are funds appropriated to me for the
operation of this department for the
fiscal year ending August 31, 1968,
available for the payment of insurance
premiums?

With reference to question number (1), you are advised
that State funds may be utilized as contributions for premium

payments under your present group insurance contract. Senate Bill 294, Acts of the 60th Legislature, Regular Session, 1967, Chapter 437, Page 1007, is devoid of any language which would require a departmental head to execute a new group policy contract for the purpose of making premium payments therefor from state funds.

The answer to question number (2) is in the affirmative. The caption of Senate Bill 294 provides as follows:

"AN ACT amending Paragraph (b) of Subsection (3) of Section 1 of Article 3.50 of the Insurance Code and amending Subsection (a) of Section 1 of Article 3.51 of the Insurance Code to permit the expenditure of state funds to pay all or any portion of the premiums for certain group insurance contracts covering employees of the state; . . ."

With relation to the expenditure of state funds for group life policy premiums, Senate Bill 294 amended Paragraph (b) Subsection (3) of Section 1, Article 3.50, by striking the language,

"The premium for the policy shall be paid by the policyholder wholly from funds contributed by the insured employees",

and inserting in lieu thereof the following:

"The premium for the policy may be paid in whole or in part from funds contributed by the policyholder or in whole or in part from funds contributed by the insured employees."

Subsection (3), Section 1, Article 3.50 of the Insurance Code provides in part:

"(3) A policy issued to . . . any association of state employees . . . and any department of the state government which employer or association shall be deemed the policyholder to insure the employees . . ."

From the foregoing it is apparent that state funds may be used as contributions toward group life premium payments when the employer is the policyholder.

It has been heretofore held by this office that a state agency may contribute state funds in payment of the premiums of group insurance covering its employees under the provisions of Subsection (a) of Section 1 of Article 3.51, of the Insurance Code, as amended by Senate Bill 294, Acts of the 60th Legislature. Such is a public governmental purpose benefitting the state. Opinion by the Justices, 30 So.2d 14 (Ala.Sup.1947); Bowers v. City of Alburquerque, 27 N.M.291,200 p.421 (1921); Thompson v. City of Memphis, 147 Tenn. 658, 251 SW 46 (1923); People v. Standard Acc. Ins. Co., 42 Cal. App. 2d 409, 108 P2d 923 (1941).

We are in agreement with the reasoning of the Supreme Court of Mississippi in Mayor and Alderman of City of Vicksburg v. Crichlow, 196 Miss. 259, 16 So.2d 749 (1944) wherein the statute concerning benefits to governmental employees was upheld as not gratiuties and as not extra compensation, but being prospective it serves a beneficient and useful governmental function in its propensity for stimulating and rewarding faithful public services.

The same reasoning would have application to the expenditure of state funds to pay premiums on insurance contracts concerning state employees.

Question number (3) as posed in your letter, "Are funds appropriated to me for the operation of this department for the fiscal year ending August 31, 1968, available for the payment of insurance premiums?" is also answered in the affirmative.

Of course, you are aware that Senate Bill 15, Acts of the 60th Legislature, Regular Session, 1967, which is the Appropriation Bill for the fiscal year September 1, 1967, to August 31, 1968, contains no specific appropriation for the Comptroller of Public Accounts to make premium payments in whole or in part, on group insurance contracts as authorized by Senate Bill 294. In our opinion no specific appropriation is required.

In Senate Bill 15, p. III-33, the following appropriation has been made for the Comptroller of Public Accounts:

"For the year ending August 31, 1968

" . . .

"15. Consumable supplies and
materials, current and recurring
operating expense, and capital
outlay ...............................................$1,846,340"

It is noted that on page V-34 of Senate Bill 15 the
Legislature placed certain limitations on the use of the expense
funds as reflected in item number 15 as shown above. These
limitations are, in part, as follows:

"Section 11.    LIMITATIONS ON USE OF OTHER EXPENSE
                FUNDS FOR PAYING SALARIES AND WAGES

"Funds appropriated in Articles I, II, and
III of this Act, or for the Central Education
Agency in Article IV of this Act, in items design-
nated for consumable supplies and materials,
current and recurring operating expense or capital
outlay shall be expended only for items set out
in the Comptroller's Manual of Accounts, Expendi-
ture Classification, effective November 1, 1965,
as amended, and numbered from 10 to 19 for "con-
sumable supplies and materials", 20 through 28
for "current and recurring operating expense,"
and 60 through 69 for "capital outlay". It is
further provided that such terms shall not include
expenditures for personal services including
salaries and wages, unless the language of those
items explicitly authorizes such use."

An examination of the Manual of Accounts, State of
Texas, Comptroller of Public Accounts, reflects on page 4-25
under Current or Recurring Operating Expense, Expenditure Code
number 027, in part, the following:

"027                          INSURANCE AND BOND PREMIUMS

      Authority:                 Legislative Appropriation

      Purpose:                   To record payment of in-
                                 surance and surety bond
                                 premiums.

                                        " .

As was stated in Attorney General's Opinion No. WW-888 (1960):

"The house and utilities to be furnished the business manager are not a part of his salary. They are something in addition thereto, . . . . That is to say, they are incident to the position of business manager, something gained from the employment above and beyond the salary or wages for services rendered. Therefore, the rental payments are a general operating expense properly payable from Line Item 8 of the appropriation to the Denton State School."

The reasoning of Attorney General's Opinion No. WW-888 appears applicable to our situation at hand. Insurance premium payments made on behalf of state employees with state funds are not salaries or wages to that employee but are a benefit to the employer. Therefore, in conjunction with question number (3), you are advised that the payment of group insurance premiums as authorized by Senate Bill 294 may be paid from moneys appropriated to your agency for the fiscal year ending August 31, 1968, for operational expenses.

S U M M A R Y

(1) Senate Bill 294 does not require the department head of a state agency to execute a new group policy contract before premium payments can be made with state funds wherein the department head is the policyholder of a group policy contract, which was executed prior to the effective date of such bill.

(2) Senate Bill 294 authorizes the use of state funds as premium contributions on group life insurance wherein the employing agency is the policyholder.

(3) Moneys appropriated to the Comptroller of Public Accounts for the fiscal year ending August 31, 1968, for "current and recurring operating expense" is available for the payment of insurance premiums, as authorized by Senate Bill 294.

Yours very truly,

CRAWFORD C. MARTIN
ATTORNEY GENERAL OF TEXAS

Prepared by Ray McGregor
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Sam Kelley
John Banks
Roger Tyler
Malcolm Quick
John Reeves